So Ordered.

Signed this 20 day of August, 2026.

Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

IN RE:

JACQUELINE KAMAU JOLLY,

Chapter 7
No. 25-10659-1-PGR

Debtor.

---

SUMEET & ANJALI KASHYAP

Plaintiffs,

Adv. Pr. No. 25-90024-1-pgr

v.

JACQUELINE KAMAU JOLLY

Defendant.

---

APPEARANCES:

JACQUELINE KAMAU JOLLY *PRO SE*

SMELYANSKY LAW MAX SMELYANSKY, ESQ.
*Attorney for Plaintiff*
602 Central Avenue, Suite 102
Albany, NY 12206

## MEMORANDUM DECISION AND ORDER GRANTING DEFAULT JUDGMENT

1. Jacqueline Kamau Jolly ("Debtor") filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code (25-10659, Docket No. 1) *pro se* on June 9, 2025.
2. On September 15, 2025, Sumeet Kashyap and Anjali Kashyap ("Plaintiffs") filed this Adversary Proceeding against Debtor. (Docket No. 1).
3. In the Complaint, Plaintiffs assert two causes of action – that the debt owed by Debtor to the Plaintiffs with respect to a certain lease agreement dated May 20, 2024, in an amount to be determine by a New York State Court, is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) & (a)(6). *Id.*
4. On December 4, 2025, Plaintiffs requested a Clerk's Entry of Default due to Debtor's failure to answer, appear, or otherwise defend the action. (Docket No. 7).
5. The Clerk's Entry of Default was entered on December 5, 2025. (Docket No. 8).
6. On April 1, 2026, Plaintiffs moved for default judgment. (Docket No. 14). The Debtor did not respond to the motion. (Docket No. 34).
7. The Court held a hearing and heard argument on Plaintiffs' Motion for Default Judgment on June 18, 2026.[1]

---

[1] At the June 18, 2026 hearing, this Court called together three other related adversary proceedings concerning Lanford Leroy Jolly (25-90021-1-pgr & 25-90023-1-pgr) and Jacqueline Kamau Jolly (25-90022-1-pgr). A Motion for Default Judgment was filed by Max Smelyansky, Esq. on behalf of each Plaintiff(s) in each of the referenced adversary proceedings. The arguments the Jollys put forth at the hearing and referenced herein pertain to each adversary proceeding.

8. Max Smelyansky, Esq. appeared on behalf of the Plaintiffs and Debtor appeared *pro se*.
9. After the hearing, the matter was deemed submitted and the Court reserved decision.
10. For the reasons outlined below, Plaintiffs' Motion for Default Judgment (Docket No. 14) is granted.

**Motion for Default Judgment**

11. At the hearing on Plaintiffs' motion for default judgment, Lanford Jolly and Jacqueline Jolly proffered many arguments – that they filed a Motion to Disqualify Counsel (which they believed constituted an answer to the Complaint), that the Plaintiffs' delay in moving for default indicates a lack of prejudice, and that there were many issues and injustices involved in the related state court actions. (Docket No. 19).
12. When asked why the Jollys did not file an answer after the order denying the motion to disqualify counsel was entered, the Jollys stated they were waiting for the Court and they were not properly informed regarding the case. *Id.*
13. Debtors then requested the Court vacate the default and allow them to respond to the Complaint. *Id.*
14. Pursuant to Federal Rule of Civil Procedure 55, as made applicable by Federal Rule of Bankruptcy Procedure 7055, "[t]he court may set aside an entry of default for good cause."

15. In order to determine whether good cause exists, courts in the Second Circuit look at the following factors: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masontry & Contru., LLC*, 779 F.3d 182, 186 (2d Cir. 2015).

16. Willfulness refers to conduct that is more than merely negligent or careless but is instead egregious and not satisfactorily explained. *Id.* at 187.

17. Here, the Debtor failed to move for an order to set aside the default entered on December 5, 2025, and failed to put forth a sufficient reason why they never responded. Therefore, this Court finds willfulness in the Debtor's failure to answer the Complaint to this date. *See Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 55 (E.D.N.Y. 2022) ("[W]here a defendant provides no justification for the failure to respond or deliberately fails to respond to the complaint, the defendant's default may be considered egregious and not satisfactorily explained." (cleaned up)).

18. Additionally, a Motion to Disqualify does not constitute a proper response to a complaint. *See Burgess v. United States*, 874 F.3d 1292, 1304 n.3 (11th Cir. 2017) (Carnes, J., concurring) ("Under the Federal Rule of Civil Procedure, upon service of the complaint, the defendant is required either to file an answer (Rule 12(a)(1)(A)), a motion to dismiss (Rule 12(b)), or a motion for a more definite statement (Rule 12[e]))."). Moreover, the Motions to Disqualify were only filed in related adversary proceedings 25-90023-1-pgr (Kashyap v.

Lanford Jolly) and 25-90022-1-pgr (Koeva v. Jacquline Jolly). The Court did not deem the Motions to Disqualify Counsel submitted in this adversary proceeding, 25-90024-1-pgr, nor in 25-90021-1-pgr (Koeva v. Lanford Jolly).

19. Regardless of whether the Jollys filed a Motion to Disqualify Counsel in these related adversary proceedings, an answer or motion to dismiss was due on November 24, 2025 and never filed.

20. For a defendant to establish a meritorious defense, "the defendant must present evidence of facts that, if proven at trial, would constitute a complete defense." *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010).

21. The Jollys did not articulate a sufficient meritorious defense(s). They provided no evidence that, if proven at trial, would constitute a complete defense. *Id.*

22. To the extent the Jollys argue there were issues in the state court action, this Court is precluded from exercising appellate jurisdiction over final state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

23. Lastly, given that nearly six months have passed between the entry of default and the hearing on the Motion for Default Judgment, the Court finds that the Plaintiff has been prejudiced. *See Teamster Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, 2011 WL 479023, at *4 (D.N.J. Oct. 5, 2011) (finding that the plaintiff was prejudiced when the defendant failed to contact the court or defend the case and it was over six months since the defendant was served)

24. Thus, the Debtor has not demonstrated good cause to set aside the default.

For the reasons stated above, Plaintiffs' Motion for Default Judgment is GRANTED.

The Clerk of the Court is requested to transmit a copy of this Order to the Debtor by first class mail, postage prepaid.

###